UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CURTIS HAMILTON, et al.**   **CIVIL ACTION**

**VERSUS**   **NO. 12-1398**

**OCHSNER HEALTH SYSTEMS, INC., et al.**   **SECTION: "G"(1)**

**ORDER AND REASONS**

Before the Court is Defendant Oschner Health Clinic Foundation's ("Oschner" or "Defendant") Motion in Limine,[1] wherein it seeks to exclude any evidence or discussion of (1) a spinal fracture allegedly shown on a July 17, 2009 X-ray, the day before the alleged incident, and whether the radiologist properly read the X-ray; and (2) the treatment of Plaintiff Curtis Hamilton's decubitus ulcers. After reviewing the pending motion, the memorandum in support, the opposition, the record, and the applicable law, the Court will grant in part and deny in part the motion.

**I. Background**

*A. Factual Background*

During relevant times pertinent to this lawsuit, Plaintiff Curtis Hamilton ("Hamilton") was under the care of staff of Ochsner following a liver transplant.[2] Plaintiffs Curtis Hamilton and Rosa Hamilton, spouse of Curtis Hamilton, (collectively "Plaintiffs") allege that on July 18, 2009, Hamilton was "left in a recliner for seven to eight hours. On this date, when it was time for Mr. Hamilton to [be moved] from his recliner [to his bed], approximately five to six employees of Ochsner used [bed] sheets to lift Mr. Hamilton to his bed."[3] Plaintiffs contend that "[t]he manner in

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 1 at ¶ 3.

[3] *Id.* at ¶ 4.

which this lift was done under the circumstances was not proper under the applicable standards of care."[4]

Plaintiffs further allege that during this move, "[Hamilton] heard and felt something in his back pop. He immediately reported this to the Ochsner employees, but they did not correct the manner in which Mr. Hamilton was being moved nor did they report or have Mr. Hamilton's complaints evaluated."[5] Moreover, Plaintiffs claim that prior to this incident, there was already a documented incident where a popping sound had come from Hamilton's back "and/or that he [was] dropped by emergency transport personnel," but that none of these incidents were reported to Hamilton's treating physicians "nor properly evaluated or treated by Ochsner."[6] Plaintiffs claim that following the latest incident, an MRI revealed "an acute fracture of the spine and that the fracture was causing a compressed spinal cord," which has now left Hamilton paralyzed from the waist down.[7] Plaintiffs seek damages from Defendant upon the theories that the manner in which it provided care to Hamilton fell below the applicable standard of care, it is vicariously liable for the actions of its employees, and it is responsible for its own direct negligence.[8] Rosa Hamilton also seeks recovery in this action for emotional distress as a result of her husband's alleged injury and paralysis.[9]

---

[4] *Id.*

[5] *Id.* at ¶ 5.

[6] *Id.* at ¶ 6.

[7] *Id.* at ¶ 8.

[8] *Id.* at ¶¶ 9-10.

[9] *Id.* at ¶ 11.

*B. Procedural Background*

Plaintiffs filed this action on June 1, 2012, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.[10] Defendant filed an answer wherein it denies liability.[11] On October 25, 2012, Defendant filed the pending motion in limine, seeking to prohibit from trial any mention of evidence of (1) a spinal fracture allegedly shown on a July 17, 2009 X-ray, the day before the alleged incident, and whether the radiologist properly read the X-ray; and (2) any reference to the treatment of Hamilton's decubitus ulcers.[12] On November 27, 2012, Plaintiff filed an opposition to the pending motion.[13]

## II. The Parties' Arguments

Defendant seeks the exclusion of certain evidence based upon Federal Rule of Evidence 403, claiming that its inclusion would be more prejudicial than probative. Defendant first argues that any evidence of the radiologist's failure to diagnose the spinal fracture from the X-ray is "highly prejudicial."[14] Defendant claims that the proposed expert testimony of Dr. Mellman "improperly expands what Plaintiffs plead in their Complaint, to include the allegations that an Ochsner radiologist deviated from the standard of care by misreading an X-ray."[15] Defendant further explains that the claims pertaining to the radiologist's alleged failure to diagnose have never been alleged

---

[10] *Id.*

[11] Rec. Doc. 4.

[12] Rec. Doc. 14.

[13] Rec. Doc. 23.

[14] Rec. Doc. 14-1 at p. 3.

[15] *Id.*

3

previously, and therefore, have never been reviewed by the Medical Review Panel, as is required under Louisiana law.[16]

Defendant avers that Plaintiffs attempt to "present a new theory of medical malpractice to the jury," would impermissibly expand Plaintiffs' causes of action, because the time to amend pleadings has long passed.[17] In addition, Defendant asserts that any cause of action against the radiologist for misreading the X-ray has prescribed.[18] Defendant argues that this claim would have had a one year prescriptive period from the date of incident or discovery, or three years in the case of malpractice, in which it could have been filed; Defendant cites *Warren v. Louisiana Medical Mutual Insurance, Co.*,[19] to argue that adding a claim against the radiologist will not allow that claim to "relate back" to Plaintiffs' initial filing in this matter.[20] Defendant maintains that allowing this evidence to be presented before the jury would greatly prejudice Defendant and mislead the jury "into considering other allegations of deviations of the standard of care that were not plead and are not before this Court."[21] Defendant frames Plaintiffs' claims as arising from the allegation that Defendant, through its employees, knew or should have known that Plaintiff had Ankylosing Spondylitis and that he subsequently became paralyzed though an improper transfer technique.

---

[16] *Id.* at pp. 3-4 (citing La. R.S. 40:1299.41).

[17] *Id.* at p. 4.

[18] *Id.* at pp. 4-5.

[19] 2007-0492 (La. 06/26/09); 21 So.3d 186.

[20] Rec. Doc. 14-1 at p. 5 n.1.

[21] *Id.* at p. 5.

Defendant asserts that evidence of the X-ray attempts to put on evidence of "other wrongs" in order to convince the jury to believe that Defendant has provided "substandard care" in general.[22]

In addition, Defendant also seeks the exclusion of testimony or evidence concerning the existence of "decubitus ulcers" on Hamilton's buttocks during his stay at Ochsner, claiming that the evidence is prejudicial.[23] Defendant argues that this is a "skin care" issue, and not relevant to Plaintiffs' claims concerning Hamilton's paralysis.[24] Therefore, Defendant seeks the exclusion of this evidence.

In opposition, Plaintiffs first address Defendant's argument that the complaint does not contain a separate allegation of the allegedly improperly read X-ray.[25] Plaintiffs argue that their claim accuses Defendant of negligently lifting him and causing his paralysis under the circumstances; therefore, Plaintiffs aver that what Ochner knew or should have known, though its employees, is relevant to his claim.[26] As the radiologist was an employee of Defendant, what he knew or should of know is also relevant. If he misread the X-ray, Plaintiff argues that this is relevant to a finding of negligence.[27]

Plaintiffs also claim that though several allegations in their complaint, "there are sufficient allegations to allow the plaintiffs to make a direct claim that Ochsner was negligent in failing to

---

[22] *Id.* at pp. 5-6.

[23] *Id.*

[24] *Id.* at pp. 6-7.

[25] Rec. Doc. 23 at pp. 1-2.

[26] *Id.* at p. 2.

[27] *Id.*

5

detect the fracture and communicate it to staff members."[28] While Plaintiffs acknowledge that the radiologist is not specifically referenced in the complaint, they argue that the notice pleading standard in federal court does not require this, and that paragraphs nine and ten of their complaint are sufficient to implicate the radiologist's alleged negligence.[29]

Plaintiffs reject Defendant's reliance on *Warren*, claiming that the "pleadings are sufficient to include a claim that the radiologist failed to properly read the x-ray."[30] "Since the failure of the radiologist to note the fracture on the x-ray arose out of the same hospital [stay] as the lift and there is substantial interrelationship between the propriety of the lift and the previous fracture, the claim certainly 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'"[31] For these reasons, Plaintiffs contend that the evidence of the X-ray should not be excluded.

### III. Law and Analysis

Federal Rule of Evidence 403 states that:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

A district court's ruling on evidentiary issues is reviewed by a court of appeals for an abuse of discretion.[32] When "the district court has conducted, on the record, a carefully detailed analysis

---

[28] *Id.* at p. 3.

[29] *Id.* at pp. 3-5.

[30] *Id.* at p. 5.

[31] *Id.* at p. 6 (citing La. C.C.P. art. 1153). Plaintiffs also note that Federal Rule of Civil Procedure 15, applicable here, applies a nearly identical standard. *See id.* n. 8.

[32] *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).

of the evidentiary issues and the court's own ruling, appellate courts are [wary] about finding an abuse of discretion."[33] "A trial court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion."[34]

Concerning the X-ray evidence and the radiologist's alleged failure to properly diagnose a fracture, the Court finds Plaintiffs' arguments convincing. Plaintiffs' complaint contains the allegation that the technique used to lift Hamilton was negligent under the circumstances, based upon the knowledge Defendant and its employees had or should have had. If Plaintiff had a pre-existing fracture, and Defendant should have had knowledge of this through a recent X-ray, then that evidence is relevant. It is reasonable that a hospital would employ a different lift procedure for a patient with a spinal fracture. Despite Defendant's argument that this evidence seeks to litigate a new and previously unpled claim, the complaint clearly alleges liability on the part of Defendant in a manner that is broad enough to cover the alleged failure to detect the spinal fracture from the X-ray. Plaintiffs seek recovery from Defendant for "[f]ailing to disseminate and consider relevant medical information of which they were aware or should have been aware that might affect the manner in which Mr. Hamilton was treated an/or whether his treating physicians were contacted for additional instruction."[35] Therefore, this Court finds that this evidence is relevant to Plaintiffs' claims and should not be excluded.

Defendant also seeks exclusion of any discussion or reference to the existence of Hamilton's decubitus ulcers. In opposition to the pending motion, Plaintiffs do not address or refute Defendant's

---

[33] *Id.*

[34] *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5 th Cir. Unit A Sept. 1981) (internal citations omitted).

[35] Rec. Doc. 1 at ¶ 9(h).

7

claim that this evidence would be highly prejudicial. Plaintiffs' failure to address this evidentiary issue prevents the Court from fully analyzing the relevance of this evidence. In the absence of any opposition to the exclusion of evidence of decubitus ulcers, the Court will grant Defendant's request concerning this issue. However, if Plaintiffs can demonstrate its relevance to their claims for relief, and that the evidence is more probative than prejudicial, the Court may reconsider its exclusion.

### IV. Conclusion

For the aforementioned reasons, the Court will grant in part and deny in part the motion. Any evidence or reference to Hamilton's decubitus ulcers will be excluded, however, the Court may reconsider this aspect of its ruling if later Plaintiffs are able to demonstrate the relevance of this evidence to their claims. However, evidence of the X-ray and the radiologist's alleged failure to diagnosis a spinal fracture are relevant to Plaintiffs' claims made in the complaint, and therefore this evidence may be presented to the jury. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine[36] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that any evidence or reference to Hamilton's decubitus ulcers is excluded, unless Plaintiffs can later show the relevance of this evidence to their claims, and so Defendant's motion is granted on that issue.

---

[36] Rec. Doc. 14.

**IT IS FURTHER ORDERED** that any evidence of the X-ray and the alleged failure of the radiologist to diagnose a fracture may be presented to the jury at trial, and therefore Defendant's motion is denied on that issue.

**NEW ORLEANS, LOUISIANA**, this 10th day of December, 2012.

                                            _____
                                            **NANNETTE JOLIVETTE BROWN**
                                            **UNITED STATES DISTRICT JUDGE**