UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CURTIS HAMILTON, et al.**            **CIVIL ACTION**

**VERSUS**            **NO. 12-1398**

**OCHSNER HEALTH SYSTEMS, INC., et al.**            **SECTION: "G"(1)**

## ORDER AND REASONS

Before the Court is Plaintiffs Curtis Hamilton and Rosa Hamilton's ("Plaintiffs") Motion in Limine Relative to Exclusion of Testimony By Jane Eason, PT,[1] filed on December 7, 2012. Jane Eason is a proposed expert witness for Defendant Ochsner Health Systems, Inc. ("Oschner") listed as a "will call" witness in the proposed pre-trial order.[2] However, a scheduling order was issued in this matter on August 9, 2012 and states that, "Motions *in limine* regarding the admissibility of expert testimony shall be filed and served in sufficient time to permit hearing thereon no later than **NOVEMBER 21, 2012**."[3]

"A schedule may only be modified for good cause and with the judge's consent."[4] A district court does not abuse its discretion by denying a motion as untimely when the movant never requested leave to amend the scheduling order deadlines nor provides an explanation as to why the motion was untimely filed.[5] Here, Plaintiffs have never requested a modification of the deadline to file motions *in limine* regarding the admissibility of expert testimony and, moreover, have not even

---

[1] Rec. Doc. 27.

[2] *See* Rec. Doc. 26 at p. 14.

[3] Rec. Doc. 7 at p. 2 (emphasis in original).

[4] Fed. R. Civ. P. 16(b)(4).

[5] *Argo v. Woods*, 399 Fed. App'x. 1, 3 (5th Cir. 2010).

acknowledged that the pending motion is untimely. Because of the late filing, the submission date for this motion is January 7, 2013 – the day trial is set to commence. Therefore, the Court will deny the pending motion as untimely.[6] Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion in Limine Relative to Exclusion of Testimony By Jane Eason, PT[7] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __11th__ day of December, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[6] *Id.* (citing *Sea-Land Servs., Inc. v. D.I.C., Inc.*, 102 F.R.D. 252, 253-54 (S.D. Tex. 1984) (denying a motion filed after the cut-off date because "[t]he Defendant offers the court no explanation or showing of 'good cause' why on the eve of trial the motion should be considered.")).

[7] Rec. Doc. 27.