# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CURTIS HAMILTON, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1398** |
| **OCHSNER HEALTH SYSTEMS, INC., et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Curtis Hamilton and Rosa Hamilton's ("Plaintiffs") Motion in Limine,[1] wherein they seek to exclude evidence of who selected Dr. Gabriel Tender to serve on the Medical Review Panel. After reviewing the pending motion, the memorandum in support, the opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

### *A. Factual Background*

During relevant times pertinent to this lawsuit, Plaintiff Curtis Hamilton ("Hamilton") was under the care of staff of Ochsner Clinic Foundation ("Ochsner" or "Defendant") following a liver transplant.[2] Plaintiffs allege that on July 18, 2009, Hamilton was "left in a recliner for seven to eight hours. On this date, when it was time for Mr. Hamilton to [be moved] from his recliner [to his bed], approximately five to six employees of Ochsner used [bed] sheets to lift Mr. Hamilton to his bed."[3] Plaintiffs contend that "[t]he manner in which this lift was done under the circumstances was not proper under the applicable standards of care."[4]

---

[1] Rec. Doc. 36.

[2] Rec. Doc. 1 at ¶ 3.

[3] *Id.* at ¶ 4.

[4] *Id.*

Plaintiffs further allege that during this move, "[Hamilton] heard and felt something in his back pop. He immediately reported this to the Ochsner employees, but they did not correct the manner in which Mr. Hamilton was being moved nor did they report or have Mr. Hamilton's complaints evaluated."[5] Moreover, Plaintiffs claim that prior to this incident, there was already a documented incident where a popping sound had come from Hamilton's back "and/or that he [was] dropped by emergency transport personnel," but that none of these incidents were reported to Hamilton's treating physicians "nor properly evaluated or treated by Ochsner."[6] Plaintiffs claim that following the latest incident, an MRI revealed "an acute fracture of the spine and that the fracture was causing a compressed spinal cord," which has now left Hamilton paralyzed from the waist down.[7] Plaintiffs seek damages from Defendant upon the theories that the manner in which it provided care to Hamilton fell below the applicable standard of care, it is vicariously liable for the actions of its employees, and it is responsible for its own direct negligence.[8] Rosa Hamilton also seeks recovery in this action for emotional distress as a result of her husband's alleged injury and paralysis.[9]

---

[5] *Id.* at ¶ 5.

[6] *Id.* at ¶ 6.

[7] *Id.* at ¶ 8.

[8] *Id.* at ¶¶ 9-10.

[9] *Id.* at ¶ 11.

*B. Procedural Background*

Plaintiffs filed this action on June 1, 2012, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.[10] On December 19, 2012, Plaintiffs filed the pending motion.[11] On December 21, 2012, Defendant filed an opposition.[12]

## II. Parties' Arguments

In support of the pending motion, Plaintiffs explain that Dr. Tender has been retained by Defendant as an expert witness to testify at trial regarding whether Defendant contributed to Hamilton's paralysis.[13] Dr. Tender is expected to testify that based on the evidence, he cannot determine when the spinal fracture occurred and that he cannot conclude that the nurses' negligence caused Hamilton's injuries. Plaintiffs contend that Plaintiffs' selection of Dr. Tender to serve on the Medical Review Panel is irrelevant. Plaintiffs further aver that in the absence of the jury knowing and understanding the selection process for Medical Review Panels, whereby each party selects one doctor and together they select a third, "it may lead them to unduly weigh the adverse testimony of Dr. Tender against the plaintiffs."[14] For this reason, Plaintiffs seek the exclusion of this evidence under Federal Rule of Evidence 403.

---

[10] *Id.*

[11] Rec. Doc. 36.

[12] Rec. Doc. 43.

[13] Rec. Doc. 36 at p. 3.

[14] *Id.* at p. 5.

3

In opposition to the pending motion, Defendant argues that who selected Dr. Tender is "very relevant" because Plaintiffs may seek to challenge his opinions and qualifications.[15] Defendant maintains that if the jury knows who selected Dr. Tender, it will aid them in weighing the reliability of his testimony. Defendant argues that if the pending motion is granted, Plaintiffs will attack the credibility of Dr. Tender without the acknowledgment that Plaintiffs initially selected him to serve on the panel; Defendant claims that this would "only paint[] a half picture for the jury to see."[16] Defendant contends that in weighing Dr. Tender's reliability, it is relevant that Plaintiffs previously did not question his credentials and selected him themselves.[17] As such, Defendant avers that this information is relevant under Federal Rules of Evidence 401 and 402, as it will make Plaintiffs' case less probable because Plaintiffs previously selected Dr. Tender as a qualified physician on the Medical Review Panel, and now he takes a position that refutes Plaintiffs' theory of the case.[18]

### III. Law and Analysis

The pending motion seeks the exclusion of any discussion of who selected Dr. Tender for the Medical Review Panel and implicates Federal Rules of Evidence 401, 402, and 403. Rule 401 states:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

---

[15] Rec. Doc. 43 at p. 1.

[16] *Id.*

[17] *Id.* at p. 2.

[18] *Id.*

4

Rule 402 states that irrelevant evidence is inadmissable. Federal Rule of Evidence 403 states that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

A district court's ruling on evidentiary issues is reviewed by a court of appeals for an abuse of discretion.[19] When "the district court has conducted, on the record, a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are [wary] about finding an abuse of discretion."[20] A district court is accorded wide discretion in determining the relevance and admissibility of evidence under Rules 401 and 402.[21] In addition, "[a] trial court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion."[22]

Concerning the pending motion, the Court finds that who selected Dr. Tender to serve on the Medical Review Panel is relevant. Both sides have retained experts in this matter to support their position. It is for the "jury to decide which of the experts is more credible" and "whose opinion to accept."[23] To make this determination, the jury may find probative that before Dr. Tender rendered an opinion in this matter, Plaintiffs believed he was qualified enough to serve on the Medical Review Panel, and it was only after he took a position contrary to their case that they retained a different expert.

---

[19] *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).

[20] *Id.*

[21] *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

[22] *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5 th Cir. Unit A Sept. 1981) (internal citations omitted).

[23] *Grenada Steel Indus., Inc. v. Alabama Oxygen Co.*, 695 F.2d 883, 889 (5 th Cir. 1983).

Plaintiffs also seek the exclusion of this evidence under Rule 403, claiming that any probative value is substantially outweighed by the unfair prejudice it will cause to them. Specifically, Plaintiffs have argued that without understanding how the selection process for Medical Review Panels is conducted, the jury will be confused and disproportionately weigh the significance of this fact. However, as Dr. Tender served on the Medical Review Panel, either party may ask him to explain the selection procedure if they so choose. Moreover, in articulating the applicability and scope of Rule 403, the United States Court of Appeals for the Fifth Circuit has acknowledged:

> Relevant evidence is inherently prejudicial; but it is only [u]nfair prejudice, [s]ubstantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. As to such, Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance. It is not designed to permit the court to "even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none.[24]

Plaintiffs may not exclude this evidence merely because it does not support their case, and absent a showing of *unfair* prejudice that *substantially* outweighs probative value, relevant evidence will not be excluded. The Court finds that Plaintiffs have not made such a showing here. Therefore, the Court will deny the pending motion.

---

[24] *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979).

## IV. Conclusion

For the reasons stated above, the Court finds that inquiry about who selected Dr. Tender is relevant and more probative than prejudicial. Therefore, the Court will not exclude the introduction of any evidence or discussion of who selected Dr. Tender for the Medical Review Panel at trial. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion in Limine[25] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 27th day of December, 2012.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[25] Rec. Doc. 36.