# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CURTIS HAMILTON, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1398** |
| **OCHSNER HEALTH SYSTEMS, INC., et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before the Court is Defendant Ochsner Clinic Foundation's ("Ochsner" or "Defendant")
Motion to Quash and For Protective Order,[1] wherein Defendant seeks to quash a subpoena issued
on or about December 13, 2012. After reviewing the pending motion, the memorandum in support,
the opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

### A. Factual Background

During relevant times pertinent to this lawsuit, Plaintiff Curtis Hamilton ("Hamilton") was
under the care of staff of Ochsner following a liver transplant.[2] Plaintiffs Curtis Hamilton and his
spouse, Rosa Hamilton, (collectively "Plaintiffs") allege that on July 18, 2009, Hamilton was "left
in a recliner for seven to eight hours. On this date, when it was time for Mr. Hamilton to [be moved]
from his recliner [to his bed], approximately five to six employees of Ochsner used [bed] sheets to
lift Mr. Hamilton to his bed."[3] Plaintiffs contend that "[t]he manner in which this lift was done under
the circumstances was not proper under the applicable standards of care."[4]

---

[1] Rec. Doc. 33.

[2] Rec. Doc. 1 at ¶ 3.

[3] *Id.* at ¶ 4.

[4] *Id.*

Plaintiffs further allege that during this move, "[Hamilton] heard and felt something in his back pop. He immediately reported this to the Ochsner employees, but they did not correct the manner in which Mr. Hamilton was being moved nor did they report or have Mr. Hamilton's complaints evaluated."[5] Moreover, Plaintiffs claim that prior to this incident, there was already a documented incident where a popping sound had come from Hamilton's back "and/or that he [was] dropped by emergency transport personnel," but that none of these incidents were reported to Hamilton's treating physicians "nor properly evaluated or treated by Ochsner."[6] Plaintiffs claim that following the latest incident, an MRI revealed "an acute fracture of the spine and that the fracture was causing a compressed spinal cord," which has now left Hamilton paralyzed from the waist down.[7] Plaintiffs seek damages from Defendant upon the theories that the manner in which it provided care to Hamilton fell below the applicable standard of care, it is vicariously liable for the actions of its employees, and it is responsible for its own direct negligence.[8] Rosa Hamilton also seeks recovery in this action for emotional distress as a result of her husband's alleged injury and paralysis.[9]

### B. Procedural Background

[5] *Id.* at ¶ 5.

[6] *Id.* at ¶ 6.

[7] *Id.* at ¶ 8.

[8] *Id.* at ¶¶ 9-10.

[9] *Id.* at ¶ 11.

Plaintiffs filed this action on June 1, 2012, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.[10] On December 13, 2012, at the pre-trial conference, counsel for Plaintiffs served Defendant's counsel a subpoena requiring Defendant to appear and testify at trial.[11] In addition, the subpoena requires that Defendant provide the following documents:

> Any and all documents or things in your possession, or electronically accessible to you (i.e. emails) related to the Patient Relations Investigation surrounding the July [sic] 18, 2009 lift/transfer of Curtis Hamilton.[12]

On December 19, 2012, Defendant filed the pending motion.[13] On December 24, 2012, Plaintiffs filed an opposition.[14]

## II. Parties' Arguments

In support of the pending motion, Defendant first argues that the discovery period has passed and therefore it would be "unfair and in violation of the Court's scheduling order to conduct discovery on the eve of trial under the guise of a common trial subpoena."[15] Defendant further argues that Plaintiffs have never advised the Court or Defendant of their intention to introduce the information requested in the subpoena. Specifically, Defendant highlights that Plaintiffs never listed the Patient Relations Investigation documents in the exhibit list filed with the Court.[16] Defendant

---

[10]   *Id.*

[11]   Rec. Doc. 33-1 at p. 1.

[12]   *Id.*; Ex. A.

[13]   Rec. Doc. 33.

[14]   Rec. Doc. 49.

[15]   Rec. Doc. 33-1 at p. 2.

[16]   *Id.* (citing Rec. Doc. 16).

3

also contends that the subpoena was late, because the Court set a written discovery deadline of December 1, 2012, while this subpoena was issued on December 13, 2012.[17]

Moreover, Defendant complains that in the joint proposed Pre-Trial Order Plaintiffs never made reference to the documents relating to the Patient Relations Investigation documents as a potential exhibit.[18] Defendant accuses Plaintiffs of conducting discovery via subpoena, even though the deadlines for discovery have since passed. Defendant anticipates that Plaintiffs will liken this request to that of subpoenaing a witness to testify, but argues that there was a "finite deadline" to provide a witness list to opposing counsel, which has now passed.[19]

However, Defendant also argues that the subpoena requests documents that may involve "peer review" documents that are therefore protected from disclosure by law. Defendant cites Louisiana Revised Statute 13:3715.3, to assert that certain peer review documents shall be confidential and not available for discovery.[20] Defendant avers that if the Court were to allow the disclosure of these documents it would "'write out' the protections afforded by the peer review statute," and therefore Defendant prays that the Court quash the subpoena.[21]

In opposition, Plaintiffs refute Defendant's argument that the subpoena is untimely because the discovery deadlines have passed. Plaintiffs maintain that this is not a "discovery subpoena," but rather a "subpoena directing production of a file at trial." Plaintiffs claim that they do not intend to have a witness testify as to these documents. Instead, Plaintiffs allege that they have requested the

---

[17] *Id.* (citing Rec. Docs. Nos. 7, 9).

[18] *Id.* at pp. 2-3 (citing Rec. Doc. 26).

[19] *Id.*

[20] *Id.* at pp. 4-5

[21] *Id.* at p. 5.

documents in connection with the testimony of Renee DiGiovanni, who conducted the Patient Relations investigation, to use for impeachment purposes if necessary.[22] Therefore, Plaintiffs aver that they only intend to use the documents to show a potential prior inconsistent statement. In addition, Plaintiffs stress that because this is an electric document, there is little to no burden imposed on Defendant to produce the file.[23]

Finally, Plaintiffs argue that these documents do not fall under the peer review exception to discovery, and are therefore discoverable.[24] Plaintiffs maintain that this report was not "generated in a peer review process or risk management evaluation," but rather "merely entailed exchanging emails with some of the staff involved to get their perspective on what lead to the patient comment."[25] Plaintiffs cite *Smith v. Lincoln General Hospital*,[26] to claim that the Louisiana Supreme Court has held that under La. R.S. 12:3715.3(A), the only evidence that is not discoverable is that regarding remedial action taken by a hospital committee or its exchange of honest self-critical study, but that mere factual accountings of otherwise discoverable facts are not protected from discovery. Plaintiffs argue that they only want the factual accountings, not any evidence of remedial action taken later.

### III. Law and Analysis

Under Federal Rule of Civil Procedure 45(c)(3)(A)(i), a district court must quash or modify a subpoena if the request fails to allow a reasonable time to comply. When a district court grants a

---

[22]   Rec. Doc. 49 at pp. 1-2.

[23]   *Id.* at p. 2.

[24]   *Id.*

[25]   *Id.* at pp. 2-3.

[26]   605 So.2d 1347 (La. 1992).

motion to quash a subpoena, a court of appeals will review that decision for an abuse of discretion.[27] Such decisions will be affirmed unless they are arbitrary or clearly unreasonable.[28]

In the pending motion, Defendant first argues that the Court should quash the subpoena because the request is untimely. Plaintiffs attempt to rebut this argument by claiming that the subpoena is merely a request for production of a file for trial, and therefore not subject to the discovery cut-off date. Defendant also contends that the subject matter of the request is not discoverable under La. R.S. 13:3715.3 because the documents contain privileged peer-review material. Plaintiffs claim that the evidence they seek is not excepted from discovery.

Turning first to the discoverability of the records sought by Plaintiffs, Plaintiffs have directed this Court to authority from the Louisiana Supreme Court which holds that factual accountings taken by a hospital committee are discoverable, as long as they do not contain information of an "honest self-critical study." The trial court must first conduct an in-camera inspection of these documents in order to determine what is discoverable.[29]

Concerning timeliness, however, Plaintiffs fail to cite any authority to support their position their request is timely because it is not subject to the discovery deadline of December 1, 2012. Instead, Plaintiffs merely conclude that "this basis for the objection is without merit."[30] However, at least one district court in this circuit has disagreed with Plaintiffs on this issue.

---

[27] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004).

[28] *Id.*

[29] *See Smith*, 605 So.2d at 1348.

[30] Rec. Doc. 49 at p. 1.

In *Williams v. Weems Community Mental Health Center*,[31] the plaintiff opposed the defendants motion to quash its subpoena and argued "that the material sought [was] for impeachment purposes and, therefore, not subject to the discovery deadline."[32] The court rejected the plaintiff's argument and granted the motion to quash reasoning that "subpoenas are a form of discovery and subject to all of the strictures governing discovery, including the deadlines set in the Case Management Plan. [T]he subpoena in this case should not have been issued without permission from the court extending the discovery deadline."[33]

Numerous district courts within this circuit have prevented parties from issuing a subpoena under Federal Rule of Civil Procedure 45 in order to circumvent the discovery deadlines and have also recognized that subpoenas are not generally used to obtain documents from litigants.[34] In this matter, Plaintiffs have neither asked for, nor have they received an extension of the discovery deadline past December 1, 2012, and they served their subpoena on counsel for Defendant on December 13, 2012. During discovery Plaintiffs could have requested the documents pursuant to Federal Rule of Civil Procedure 34, but did not. Now that the discovery period has ended, Plaintiffs take the unique step of serving a subpoena on a party to the suit, and claim that this does not amount to discovery.

---

[31] No. 4:04-CV-179, 2006 WL 905955 (S.D. Miss. Apr. 7, 2006).

[32] *Id.* at *2.

[33] *Id.*

[34] *See Hernandez v. City of Corpus Christi*, No. C-10-186, 2011 WL 2194254 (S.D. Tex. Jun. 6, 2011); *Front-Line Promotions & Mktg., Inc. v. Mayweather Promotions*, No. 08-3208, 2009 WL 928568 (E.D. La. Apr. 2, 2009) ("[P]ursuant to Federal Rule of Civil Procedure 45, a subpoena is an improper mechanism for seeking discovery from a party to the litigation."; *Thomas v. IEM, Inc.*, No. 06-886-B-M2, 2008 WL 695230 (M.D. La. Mar. 12, 2008) ("Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties and are 'clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34.").

In addition to the untimeliness of Plaintiffs' subpoena, this Court finds that Plaintiffs' request does not allow sufficient time to comply, and therefore must be quashed under Federal Rule of Civil Procedure 45(c)(3)(A)(i). While some of the information requested by Plaintiffs regarding factual accountings of the alleged incident may not be privileged, the report may also contain privileged discussions of remedial measures or self-critical reflections which are not subject to discovery. The Court would have to conduct an in-camera review of this material before production could be made to Plaintiffs. Considering Plaintiffs have not provided good cause why the material they now seek could not have been requested before the discovery deadline set by the Court, and considering the burden such a request places on opposing counsel and the Court on the eve of trial, the Court will grant the pending motion and quash the subpoena.

### IV. Conclusion

For the reasons stated above, the Court finds Plaintiffs' subpoena is untimely and places an undue and prejudicial burden on Defendant, while not providing good cause why the documents could not have been requested earlier. As such, the Court will grant the pending motion to quash the subpoena. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Quash and For Protective Order[35] is **GRANTED** and the subpoena is quashed in its entirety.

**NEW ORLEANS, LOUISIANA**, this 27th day of December, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[35] Rec. Doc. 33.