# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CURTIS HAMILTON, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1398** |
| **OCHSNER HEALTH SYSTEMS, INC.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Curtis Hamilton and Rosa Hamilton's ("Plaintiffs") Motion in Limine,[1] wherein they seek to exclude the testimony of Jane Eason, a physical therapist. After reviewing the pending motion, the memorandum in support, the opposition, the reply, the record, and the applicable law, the Court will deny the motion.

## I. Background

### *A. Factual Background*

During relevant times pertinent to this lawsuit, Plaintiff Curtis Hamilton ("Hamilton") was under the care of staff of Ochsner Clinic Foundation ("Ochsner" or "Defendant") following a liver transplant.[2] Plaintiffs allege that on July 18, 2009, Hamilton was "left in a recliner for seven to eight hours. On this date, when it was time for Mr. Hamilton to [be moved] from his recliner [to his bed], approximately five to six employees of Ochsner used [bed] sheets to lift Mr. Hamilton to his bed."[3] Plaintiffs contend that "[t]he manner in which this lift was done under the circumstances was not proper under the applicable standards of care."[4]

---

[1] Rec. Doc. 27.

[2] Rec. Doc. 1 at ¶ 3.

[3] *Id.* at ¶ 4.

[4] *Id.*

Plaintiffs further allege that during this move, "[Hamilton] heard and felt something in his back pop. He immediately reported this to the Ochsner employees, but they did not correct the manner in which Mr. Hamilton was being moved nor did they report or have Mr. Hamilton's complaints evaluated."[5] Moreover, Plaintiffs claim that prior to this incident, there was already a documented incident where a popping sound had come from Hamilton's back "and/or that he [was] dropped by emergency transport personnel," but that none of these incidents were reported to Hamilton's treating physicians "nor properly evaluated or treated by Ochsner."[6] Plaintiffs claim that following the latest incident, an MRI revealed "an acute fracture of the spine and that the fracture was causing a compressed spinal cord," which has now left Hamilton paralyzed from the waist down.[7] Plaintiffs seek damages from Defendant upon the theories that the manner in which it provided care to Hamilton fell below the applicable standard of care, it is vicariously liable for the actions of its employees, and it is responsible for its own direct negligence.[8] Rosa Hamilton also seeks recovery in this action for emotional distress as a result of her husband's alleged injury and paralysis.[9]

### B. Procedural Background

---

[5] *Id.* at ¶ 5.

[6] *Id.* at ¶ 6.

[7] *Id.* at ¶ 8.

[8] *Id.* at ¶¶ 9-10.

[9] *Id.* at ¶ 11.

Plaintiffs filed this action on June 1, 2012, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.[10] On December 7, 2012, Plaintiffs filed the pending motion.[11] On December 19, 2012, Defendant filed an opposition.[12] After receiving leave of Court, Plaintiffs filed a reply.[13]

## II. Parties' Arguments

In support of the pending motion, Plaintiffs claim that Dr. Jane Eason ("Dr. Eason"), as a physical therapist, is not qualified to testify about the standard of care owed by nurses in transferring Hamilton from his chair to his hospital bed.[14] Specifically, Plaintiffs argue that "there is no basis for Dr. Eason to provide any comment or criticism of the opinions of [Plaintiffs' expert] Pam Farmer, RN-BC, MSN, CLNC, a masters level trained nurse, relative to the standard of care owed by a nurse, specifically disagreeing with Nurse Farmer on whether the '**nurses acted reasonably under the circumstances.**'"[15] Plaintiffs quote language from Dr. Eason's deposition where she admits she is not qualified to discuss the standard of care owed by a nurse: "I don't know about the standard of care of nurses, but I know about the standard of care for transfers that are safe for patients and the person who transfers."[16]

---

[10] *Id.*

[11] Rec. Doc. 27.

[12] Rec. Doc. 35.

[13] Rec. Doc. 46.

[14] Rec. Doc. 27-1 at p. 1.

[15] *Id.* at p. 2 (emphasis in original).

[16] *Id.* n. 4 (citing Ex. 1).

3

Plaintiffs explain that while doctors may give expert testimony about the standard of care for nurses, this is permissible because they supervise nurses, while physical therapists do not.[17] Plaintiffs further argue that even though Dr. Eason may be able to give insight into how a transfer should take place from the perspective of a physical therapist, she cannot do the same from the perspective of a nurse. Plaintiffs therefore move for Dr. Eason's testimony to be excluded under Federal Rule of Evidence 402, claiming that it is irrelevant.[18] In addition, Plaintiffs claim that the evidence is more prejudicial than probative and could potentially confuse the jury, and therefore should be excluded under Federal Rule of Evidence 403.

In opposition, Defendant contends that Dr. Eason is qualified to testify "relative to the standard of care as it relates to transferring a patient from a chair to a hospital bed."[19] Defendant argues that the central question Dr. Eason will testify to is whether transferring Hamilton using bed sheets was appropriate under the circumstances, and this standard would not change whether "performed by a nurse, a doctor, or a physical therapist."[20]

Defendant cites the Louisiana Court of Appeal for the Third Circuit in *Thomas v. Southwest Hospital Association*,[21] to aver that any health care provider can testify as to the degree of skill ordinarily employed, under similar circumstances. Moreover, Defendant cites another case from the Louisiana Third Circuit Court of Appeal which stated that "Nurses and other health care providers are subject to the same standard as physicians. It is a nurse's duty to exercise the degree of skill

---

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 35 at p. 1.

[20] *Id.*

[21] 2002-0645 (La. App. 3 Cir. 12-11/02); 833 So.2d 548, 551.

4

ordinarily employed, under similar circumstances, by the members of the nursing or health care profession."[22] Therefore, Defendant maintains that Dr. Eason is a member of the health care profession and, as such, may give expert testimony regarding the propriety of nurses' actions. Defendant also argues that in this case "the standard of care that is applicable is the standard applicable to a hospital in *respondeat superior* capacity as it relates to the hospital's employees and that this standard calls for a hospital to 'exercise the degree of care toward a patient that his or her condition requires, which must be determined under the particular facts and circumstances.'"[23]

However, Defendant maintains that under either standard Dr. Eason is qualified to testify about "the appropriate method to transfer a patient from chair to bed."[24] Defendant highlights that Dr. Eason has been a licensed physical therapist for thirty-three years and that in this capacity she has participated in many patient transfers, including lifts of patients under intensive care. Moreover, Defendant argues that as head of the Doctorate of Physical Therapy program at LSU Health Sciences Center, Dr. Eason teaches students how to perform proper patient transfers.[25]

Defendant opines that Dr. Eason's testimony will aid the jury in determining whether the method by which Curtis Hamilton was transferred was appropriate under the circumstances, and is therefore relevant under Federal Rule of Evidence 401.[26] Finally, Defendant asserts that "there is no basis to exclude [Dr]. Eason's testimony pursuant to Federal Rule of Evidence 402 because, as

---

[22] Rec. Doc. 35 at p. 2. (citing *Migues v. Sagrera*, 92-1196 (La. App. 3 Cir. 06/9/93); 620 So.2d 463, 465).

[23] *Id.* (citing *Parker v. Sw. La. Hosp. Ass'n*, 540 So.2d 1270, 1275 (La. App. 3 Cir. 1989)).

[24] *Id.* at p. 3.

[25] *Id.*

[26] *Id.* at p. 4.

5

detailed above, [Dr]. Eason's testimony will aid the jury in determining a central issue. Her clinical experience involving transferring patients will not lead to confusion on the issues."[27]

In reply, Plaintiffs argue that the opposition misconstrues their argument. Plaintiffs contend that the pending motion makes two distinct points: (1) that Dr. Eason should not be allowed to testify about whether the method employed by the nurses met the standard of care relative to transferring patients in such a situation, and, moreover, that Dr. Eason should not be permitted to criticize Plaintiffs' expert's opinions because she is a nurse, while Dr. Eason is a physical therapist; and (2) that as a physical therapist, Dr. Eason's testimony would be irrelevant when applied to the behavior of nurses, and as a result would confuse the jury.[28] Plaintiffs highlight Dr. Eason's own admission that she "do[es not] know about the standard of care of nurses, but [does] know about the standard of care for transfers that are safe for patients and the person who transfers."[29]

Plaintiffs further argue that none of the cases cited by Defendant allow a physical therapist to testify about the standard of care of nurses, and reiterate their point that doctors are only allowed to testify about the standard of care for nurses because they supervise nurses.[30] However, Plaintiffs concede that "a physical therapist is competent to give opinions about how to perform a transfer of a patient. A properly qualified physical therapist can do so if the evidence is relevant and not overly prejudicial."[31]

---

[27] *Id.*

[28] Rec. Doc. 46 at pp. 1-2.

[29] *Id.* at p. 2 (quoting Deposition of Jane Eason, page 50, lines 6-9).

[30] *Id.* at p. 3.

[31] *Id.* n. 3.

6

Finally, to their second point, Plaintiffs contend that Dr. Eason is only qualified to testify about the propriety of the transfer from the perspective of a physical therapist, but argue that her testimony seeks to do so from the perspective of a nurse. As such, Plaintiffs argue that Dr. Eason's testimony would be of little relevance and therefore would be "greatly outweighed by the undue prejudice that would result."[32]

### III. Law and Analysis

The pending motion seeks the exclusion of Dr. Eason's testimony pursuant to Federal Rules of Evidence 401, 402, and 403. Rule 401 states:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Rule 402 states that irrelevant evidence is inadmissible. Federal Rule of Evidence 403 states that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

A district court's ruling on evidentiary issues is reviewed by a court of appeals for an abuse of discretion.[33] When "the district court has conducted, on the record, a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are [wary] about finding an abuse of discretion."[34] A district court is accorded wide discretion in determining the relevance and

---

[32] *Id.* at p. 4.

[33] *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).

[34] *Id.*

7

admissibility of evidence under Rules 401 and 402.[35] In addition, "[a] trial court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion."[36]

With regard to the pending motion, the central dispute between the parties is the relevant standard of care. Plaintiffs argue that on the issue of the transfer, the actions of the nurses may only be judged by the specific standard of care applicable to nurses, and a physical therapist is not qualified to testify to this. Defendant disputes Plaintiffs' narrow interpretation of the relevant standard of care and also maintains that Plaintiffs are suing a hospital under the theory of *respondeat superior*, which implicates a broader standard of care.

The Louisiana Supreme Court has explicitly stated the standard of care that applies to hospitals in determining if they were negligent:

> [A] hospital is bound to exercise the degree of care toward a patient that his or her condition requires, which must be determined under the particular facts and circumstances.[37]

However, Dr. Eason's testimony relates to the propriety of individuals' actions, not the Defendant as a hospital. Defendant has also pointed to authority that "nurses and healthcare providers are subject to the same standard as physicians."[38] If nurses and health care providers are subject to the same standard of care as physicians, then nurses and health care providers also share the same standard of care as one another. As such, the only question that remains is whether Dr. Eason is a

---

[35] *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

[36] *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5 th Cir. Unit A Sept. 1981) (internal citations omitted).

[37] *Hastings v. Baton Rouge Cmty. Med. Ctr.*, 498 So.2d 713, 719 (La. 1986).

[38] *Migues,* 620 So.2d at 465.

healthcare provider. Plaintiffs have not challenged Dr. Eason's status as a "health care provider" and her curriculum vitae indicates that she has not only taught physical therapy but practiced throughout Baltimore and Washington D.C.[39] Therefore, she is qualified to testify as to the standard of care applicable to physical therapists, which is the same standard that applies to nurses. For these reasons, Dr. Eason's testimony is relevant and probative.

Dr. Eason claims expertise in the proper procedure to transfer a patient when they have sustained injuries; a safe transfer procedure is relative to the patient's condition, not the profession of the person performing the transfer. In fact, Plaintiffs acknowledge that "a physical therapist is competent to give opinions about how to perform a transfer of a patient."[40] Plaintiffs argue that Dr. Eason has "no basis" to "provide any comment or criticism of the opinions of Pam Farmer, RN-BC, MSN, CLNC, a masters level trained nurse."[41] However, it is for the "jury to decide which of the experts is more credible" and "whose opinion to accept."[42] If the jury believes Dr. Eason to be less qualified than Plaintiffs' expert witness because Dr. Eason is not a nurse, they can afford Dr. Eason's testimony less weight. It is not for the Court to make this decision for the jury. Therefore, the Court will deny the pending motion.

## IV. Conclusion

For the reasons stated above, the Court finds that Dr. Eason is qualified to testify as to the standard of care of other health care providers, including that of nurses and specifically on the

---

[39] Rec. Doc. 35-1 at p. 4.

[40] Rec. Doc. 46 at p. 3 n.3.

[41] Rec. Doc. 27-1 at p. 2.

[42] *Grenada Steel Indus., Inc. v. Alabama Oxygen Co.*, 695 F.2d 883, 889 (5th Cir. 1983).

9

standard of care required in the transfer of patients from chair to bed under the particular circumstances of this case. As a result, her testimony would be relevant and probative. Therefore, the Court will not exclude her testimony from trial. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion in Limine[43] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 28th day of December, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[43] Rec. Doc. 27.